AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched* | ) | |
| *or identify the person by name and address)* | ) | Case No.    1:26sw 53 |
| The Person of Hannah Natanson | ) | |
| | ) | |
| | ) | |

Type text here

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Eastern_____ District of _____Virginia_____ *(identify the person or describe the property to be searched and give its location):*

The person of Hannah Natanson, described on Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*

Evidence of a crime further described in Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before _____January 27, 2026_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____William B. Porter_____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   January 13, 2026, at 9:45 p.m   _____
*Judge's signature*

City and state:   Alexandria, VA   _____   William B. Porter, United States Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>1:26sw 53 | Date and time warrant executed:<br>01/14/2026  6:05 am | Copy of warrant and inventory left with:<br>At residence |
| Inventory made in the presence of :  SA Matthew Johnson | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| Certification |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date:  1/15/2021

_____
*Executing officer's signature*

_Danel Wichasa, Special Agent_
*Printed name and title*

## ATTACHMENT A-3 (Person of Hannah Natanson)

### *Person to Be Searched*

The person to be searched is the person of HANNAH NATANSON ("NATANSON"), a 29-year-old female approximately 5 feet six inches tall, with brown hair and blue eyes. The search of NATANSON shall include ANY AND ALL clothing and personal belongings, including any backpacks, wallets, briefcases, and bags that are within NATANSON's immediate vicinity and control at the location where the search warrant is executed. It shall not include a body cavity or strip search.

## ATTACHMENT B

### Items to be Seized

All digital devices,[1] other electronic storage media,[2] or components of either identified during the searches that are reasonably believed to be used by Natanson (collectively, the "NATANSON ELECTRONICS"), including a mobile phone associated with the number 202.580.5477, the search of which must be limited to all records and information, including classified and/or national defense information, from the time period October 1, 2025, to the present, which constitute records received from or relating to Aurelio Luis Perez-Lugones, as evidence of violations of 18 U.S.C. § 793. Additionally, as necessary to effectuate the search and seizure of the foregoing, this warrant also authorizes the seizure of the following for the same period of October 1, 2025, to the present:

   a. Notations of any password that may control access to a computer operating system or individual computer files;

   b. Evidence of the attachment to the NATANSON ELECTRONICS of other storage devices or similar containers for electronic evidence;

   c. Evidence of counter forensic programs (and associated data) that are designed to eliminate data from the NATANSON ELECTRONICS;

   d. Evidence of the times the NATANSON ELECTRONICS was used;

   e. Passwords, encryption keys, and other access devices that may be necessary to access the NATANSON ELECTRONICS;

   f. Documentation and manuals that may be necessary to access the NATANSON ELECTRONICS or to conduct a forensic examination of the NATANSON ELECTRONICS; and,

With respect to the search of any of the items described above which are stored in the form of magnetic or electronic coding on computer media or on media capable of being read by a computer

---

[1] "Digital device" includes any device capable of processing and/or storing data in electronic form, including, but not limited to: central processing units, laptop, desktop, notebook or tablet computers, computer servers, peripheral input/output devices such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media, related communications devices such as modems, routers and switches, and electronic/digital security devices, wireless communication devices such as mobile or cellular telephones and telephone paging devices, personal data assistants ("PDAs"), Pods/iPads, Blackberries, digital cameras, digital gaming devices, global positioning satellite devices GPS), or portable media players.

[2] Electronic Storage media is any physical object upon which electronically stored information can be recorded. Examples include thumb/flash drives, SD cards, hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

with the aid of computer-related equipment (including CDs, DVDs, thumb drives, flash drives, hard disk drives, or removable digital storage media, software or memory in any form), the search procedure may include the following techniques (the following is a non-exclusive list, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein, while permitting government examination of all the data necessary to determine whether that data falls within the items to be seized):

      1.  Surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);

      2.  "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

      3.  "scanning" storage areas to discover and possible recover recently deleted files;

      4.  "scanning" storage areas for deliberately hidden files; or

      5.  Performing key word searches or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the Target Offense that are the matter of the investigation.

If after performing these procedures, the directories, files, or storage areas do not reveal evidence of the specified criminal activity, the further search of that particular directory, file, or storage area, shall cease.

With respect to the search of the information provided pursuant to this warrant, law enforcement personnel will make reasonable efforts to use methods and procedures that will locate and expose those categories of files, documents, communications, or other electronically stored information that are identified with particularity in the warrant while minimizing the review of information not within the list of items to be seized as set forth herein, to the extent reasonably practicable.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant.  The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support

staff, and technical experts. Pursuant to this warrant, FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

If the government identifies any seized communications that may implicate the attorney-client privilege, law enforcement personnel will discontinue its review and take appropriate steps to segregate all potentially privileged information so as to protect it from substantive review. The investigative team will take no further steps regarding any review of information so segregated, absent further order of the court. The investigative team may continue to review any information not segregated as potentially privileged.

### Biometric Unlock

During the execution of the search of HANNAH NATANSON as described in Attachment A-3, law enforcement personnel are authorized to (1) press or swipe the fingers (including thumbs) of HANNAH NATANSON to the fingerprint scanner of the device; (2) hold a device found during the search in front of the face of HANNAH NATANSON and activate the facial recognition feature, for the purpose of attempting to unlock the device in order to search the contents as authorized by this warrant.

While attempting to unlock the device by use of the compelled display of biometric characteristics pursuant to this warrant, law enforcement is not authorized to demand that an occupant state or otherwise provide the password or identify the specific biometric characteristics (including the unique finger(s) or other physical features), that may be used to unlock or access the device(s). Nor does the warrant authorize law enforcement to use the fact that the warrant allows law enforcement to obtain the display of any biometric characteristics to compel an occupant to state or otherwise provide that information. However, the voluntary disclosure of such information by an occupant is permitted. To avoid confusion on that point, if agents in executing the warrant ask an occupant for the password to any device(s), or to identify which biometric characteristic (including the unique finger(s) or other physical features) unlocks any device(s), the agents will not state or otherwise imply that the warrant requires the person to provide such information, and will make clear that providing any such information is voluntary and that the person is free to refuse the request.